The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.




Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 7 |
| JANE THERESA NUSSEIBEH, | ) |
| | ) CASE NO. 99-61405 |
| Debtor. | ) |
| | ) ADV. NO. 09-06080 |
| | ) |
| JANE THERESA NUSSEIBEH, | ) JUDGE RUSS KENDIG |
| | ) |
| Plaintiff, | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| v. | ) |
| | ) |
| OHIO DEPARTMENT OF TAXATION, | ) |
| | ) |
| Defendant. | ) |

On June 24, 2009, Jane Theresa Nusseibeh filed the complaint that initiated this adversary proceeding. The complaint contains two counts. Count I asks the Court to find that an income tax claim held by the Ohio Department of Taxation (hereinafter "Taxation") was discharged in Ms. Nusseibeh's Chapter 7 bankruptcy, and Count II asks the Court to find that a sales tax claim held by Taxation is invalid. On November 30, 2009, the parties both filed motions for partial summary judgement regarding Count I of the complaint,[1] and Taxation filed a

---

[1] The parties' motions are styled as motions for summary judgment. However, because the complaint contains two counts, and both parties' motions address only Count I, the Court treats the motions as motions for partial summary judgment.

response to Ms. Nusseibeh's motion for partial summary judgment on December 7, 2009. The parties' motions for partial summary judgment are now before the Court.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

The relevant facts are undisputed. Ms. Nusseibeh and her spouse (hereinafter collectively "the Nusseibeh's") timely filed a joint Ohio income tax return for the tax year 1991. In their return, they reported $185,269 in federal adjusted gross income. The Nusseibeh's paid $10,163 in Ohio income taxes for tax year 1991, which was the amount due based on the federal adjusted gross income they reported.

After the filing of the return, the IRS increased the Nusseibeh's federal adjusted gross income for tax year 1991 from $185,269 to $191,620. As a result, the Nusseibeh's incurred additional Ohio income tax liability. On May 22, 1997, Taxation sent the Nusseibeh's a tax assessment, which reflected an increase in Ohio income tax liability for tax year 1991 in the principal amount of $438.31. The tax assessment also indicates that the Nusseibeh's owe $186.74 in interest and $523.48 in penalties. Ms. Nusseibeh never filed an amended Ohio income tax return reflecting her increased tax liability.

Ms. Nusseibeh filed for Chapter 7 bankruptcy on May 11, 1999, and a discharge was entered on November 11, 2009. Ms. Nusseibeh now contends that Taxation's income tax claim was discharged in her bankruptcy. Taxation contends that its income tax claim is a non-dischargable debt under 11 U.S.C. § 523(a)(1)(b)(i) because Ms. Nusseibeh did not file an amended tax return following the adjustment to her federal adjusted gross income as required by Ohio Revised Code § 5747.10.

## LAW AND ANALYSIS

Summary judgment is governed by Federal Rule of Civil Procedure 56(c), which is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Summary judgment is appropriate in this case because the parties have stipulated to all material facts.

Ms. Nusseibeh's tax debt consists of three components: income tax, interest, and penalties. The Court now considers the dischargability of each of these components.

## A. Dischargability of the Income Tax Debt

The issue is whether Ms. Nusseibeh's failure to file an amended tax return as required by Ohio Revised Code § 5747.10 makes the principal amount of her 1991 Ohio income tax liability non-dischargeable under 11 U.S.C. § 523(a)(1)(b)(i). Section 523(a)(1)(b)(i) provides that "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for a tax . . . with respect to which a return, or equivalent report or notice, if required . . . was not filed or given . . . ." Section 5747.10 requires a taxpayer to file an amended return within 60 days if the taxpayer's federal adjusted gross income changes.[2]

Thus far, only bankruptcy courts have considered this issue. "[T]he majority, if not all, courts which have considered this issue have held that, where a state statute requires the filing of an amended return upon a change in federal income, debtor's failure to file the amended return renders the state taxes non-dischargeable under § 523(a)." Powers v. United States of America (In re Powers), 2005 Bank. LEXIS 2752, *5 (Bankr. D. Colo. 2005) (citing In re Giacci, 213 B.R. 517 (Bankr. S.D. Ohio 1997); In re Haywood, 62 B.R. 482 (Bank. N.D. Ill. 1996)).

This Court agrees with the majority view, at least with regard to the facts in this case. Courts must interpret statutes in a straightforward and commonsense manner. Rogers v. Laurain (In re Laurain), 113 F.3d 595, 597 (6th Cir. 1997). "When the statute's language is plain, the sole function of the courts – at least where the disposition is not absurd – is to enforce it according to its terms." Hartford Underwriters Ins. Co. v. Union Planters Bank, 530 U.S. 1, 6 (2000) (internal citations omitted). The Court finds that the language in both section 5747.10 and section 523(a)(1)(b)(i) is straightforward as applied to the facts in this case. Section 5747.10 requires an amended tax return. Because no tax return ever has been filed regarding Ms. Nusseibeh's additional federal adjusted gross income, Taxation's claim is non-dischargable under section 523(a)(1)(b)(i).

---

[2] Ohio Revised Code § 5747.10 provides in relevant part:

> If any of the facts, figures, computations, or attachments required in a taxpayer's annual return to determine the tax charged by this chapter or Chapter 5748 of the Revised Code must be altered as the result of an adjustment to the taxpayer's federal income tax return, whether initiated by the taxpayer or the internal revenue service, and such alteration affects the taxpayer's tax liability under this chapter or Chapter 5748 of the Revised Code, the taxpayer shall file an amended return with the tax commissioner in such form as the commissioner requires. The amended return shall be filed not later than sixty days after the adjustment has been agreed to or finally determined for federal income tax purposes or any federal income tax deficiency or refund, or the abatement or credit resulting therefrom, has been assessed or paid, whichever occurs first.

The first case cited by Ms. Nusseibeh, In re Blackwell, 115 B.R. 86 (Bankr. W.D. Va. 1990), actually supports the majority view. The Virginia statute at issue, Virginia Code § 58.1-311, requires only that the taxpayer *report* changes in his income. The Court held that because section 58.1-311 did not require a *return*, section 523(a)(1)(B)(i) was not applicable. Id. at 89. However, the court qualified its holding by stating that "there is no question that pursuant to § 523(a)(1)(B)(i), a tax will not be discharged if a tax *return* is required to be filed and is not filed." Id. at 88 (empahsis added). Thus, if the Blackwell court was applying Ohio law, it would have found the debt to be non-dischargeable.

The second case cited by Ms. Nusseibeh is In re Dyer, 158 B.R. 904 (Bankr. W.D.N.Y. 1993). The *Dyer* Court reasoned that if the debtor fully reported his federal *gross* income in his state tax return, but the amount of his state tax changed because of a change in his federal *adjusted gross* income, the state tax debt would not be non-dischargable under section 523(a)(1)(B)(i). Id. at 906. The *Dyer* Court denied the state's motion for summary judgment because the record did not indicate whether the debtor had reported his entire federal gross income to the state taxation agency. Id.

This Court disagrees with the reasoning of the *Dyer* Court at least as applied to Ohio tax law. Ohio adjusted gross income is equal to federal adjusted gross income subject to adjustments. Ohio Rev. Code § 5747.01(A). For individuals, income tax bracket is determined by Ohio adjusted gross income less exemptions. Ohio Rev. Code § 5747.01(A). Thus, an individual taxpayer's federal gross income is irrelevant for the purpose of filing an Ohio income tax return. The only relevant issue is whether Ms. Nusseibeh filed a tax return reporting her increased federal adjusted gross income, and she stipulates that she did not.

The Court notes that the outcome in this case might be different if the debtor had reported the portion of her federal adjusted gross income that gave rise to the disputed tax debt, and the state statute nonetheless required an amended return. In this case, the outcome would depend on the Court's interpretation of the phrase "a report" in section 523(a)(1)(b)(i). *Compare* In re Dyer, 158 B.R. 904, 906 (Bankr. W.D.N.Y. 1993) ("a" report means "at least one" report) *with* Blutter, 177 B.R. at 211 ("a" report means "any" report). However, because Ms. Nusseibeh did not ever report any of the federal adjusted gross income that gave rise to the disputed tax debt in this case, the Court does not need to decide that issue of statutory interpretation here.

### B. Dischargability of Income Tax Penalties

11 U.S.C. § 523(a)(7) provides that a debt relating to a "penalty . . . payable to and for the benefit of a government unit" is non-dischargable unless either of two exceptions apply. The first exception is for a penalty that relates to a tax of a kind not specified in section 523(a)(1). As discussed above, the first exception does not apply because the underlying tax debt is a debt of the type specified in section 523(a)(1)(b)(i).

The second exception applies to a penalty "imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition . . . ." The second exception is also not applicable. The transaction that led to the tax penalty was Ms. Nusseibeh's

failure to file tax returns on a portion of her 1991 federal adjusted gross income. This transaction occurred continuously until the time that Ms. Nusseibeh filed her bankruptcy petition in 1999. Thus, the tax penalty is non-dischargable under section 523(a)(7). *See* In re Giacci, 213 B.R. 517, 520 (Bankr. S.D. Ohio 1997) (applying the same reasoning).

### C. Dischargability of Interest

Finally, the Court finds that the interest on Ms. Nusseibeh's tax debt is non-dischargable. Pre-petition interest on a non-dischargable tax debt is itself nondischargable because it is included in the tax claim at the time of bankruptcy filing. Courts have been almost unanimous in finding that 11 U.S.C. § 101(5), which defines "claim" as a "right to payment," is broad enough to include pre-petition interest. In re Larson, 862 F.2d 112, 118–119 (7th Cir. 1988) (listing cases). Likewise, the Six Circuit has held that post-petition interest on a non-dischargable tax debt is non-dischargable. U.S. v. River Coal Co. (In re River Coal Co.), 748 F.2d 1103, 1106–1107 (1984) (*citing* Bruning v. United States (In re Bruning), 376 U.S. 358, 360 (1964)). Thus, the interest related to Ms. Nusseibeh's tax debt is non-dischargable.

Accordingly, Ms. Nusseibeh's motion for partial summary judgment is **DENIED** and Taxation's motion for partial summary judgment is **GRANTED**.

An order will issue simultaneously with this opinion.

\#   \#   \#

**Service List:**

State of Ohio Department of Taxation
c/o Corrine Hoover Six
Special Counsel
527 Portage Trail
Cuyahoga Falls, OH 44221

Jane Theresa Nusseibeh
3049 Rockingham Cir NW
Uniontown, OH 44685

Edwin H Breyfogle
108 Third St NE
Massillon, OH 44646

Trish D. Lazich
Ohio Attorney General's Office
615 West Superior Avenue, Ste. 1100
Cleveland, OH 44113